UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELVER ALEXANDER JARAMILLO RIVERO,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY BAPTISTE et al.,<br><br>Respondents. | * * * * * * * * * * * * | Civil Action No. 26-cv-13843-ADB |

**ORDER**

BURROUGHS, D.J.

Before the Court is Petitioner Elver Alexander Jaramillo Rivero's petition for writ of habeas corpus. [ECF No. 1]. For the following reasons, the petition is **GRANTED**.

Petitioner, who is being held in ICE detention, argues that he is entitled to a bond hearing under 8 U.S.C. § 1226. [ECF No. 1 ¶¶ 1, 5]. In their response, [ECF No. 8], Respondents concede that under First Circuit precedent, noncitizens "who have already entered the United States unlawfully are not 'seeking admission,'" and that their "detention is governed by 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b)(2)(A)." [Id. at 1–2 (citing Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042, at *1, 7 (1st Cir. Aug. 13, 2026))]. Respondents do not contend that Petitioner—who alleges that he was detained in the interior of the United States after entering the country unlawfully, see [ECF No. 1 ¶ 31]—falls outside the scope of the Guerrero holding. Rather, they argue that the Court should deny the Petition because Petitioner failed to first request a bond hearing from the agency itself. [ECF No. 8 at 2–3].

As Respondents acknowledge, however, in this particular context, "there is no statutory mandate to exhaust a claim for release . . . prior to presenting such claim to the district court," [ECF No. 8 at 2 n.3]; see Brito v. Garland, 22 F.4th 240, 255–56 (1st Cir. 2021) ("[T]he government points us to no statutory exhaustion requirement that would govern . . . pre-removal-order due process claims. We therefore assume that we find ourselves in the more permissive realm of common-law exhaustion."). In the absence of a statutory mandate, the Court "possesses . . . discretion to relax the exhaustion requirement," Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997) (citing Salus v. GTE Directories Serv. Corp., 104 F.3d 131, 138 (7th Cir. 1997)). As another session of this Court has explained in deciding the same issue, exercise of this discretion is appropriate when "a petitioner could 'suffer irreparable harm,'" Rodrigues da Silva v. U.S. Dep't of Homeland Sec., No. 26-cv-13854-JEK, ECF No. 8 (D. Mass. Aug. 25, 2026) (quoting Portela-Gonzalez, 109 F.3d at 77), such as "'remain[ing] detained' pending the exhaustion of administrative remedies," id. (quoting Brito, 22 F.4th at 256).

Here, Petitioner will continue to be deprived of liberty at least until this issue is resolved. Respondents recognize that Petitioner seeks a bond hearing and concede that he is entitled to one under First Circuit precedent, yet they have provided no indication that they have scheduled such a hearing. See generally [ECF No. 8]. Under such circumstances, discretion favors excusing the exhaustion requirement. See Rodrigues da Silva, No. 26-cv-13854-JEK, ECF No. 8. Under the binding law of the First Circuit, Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing. Guerrero Orellana, 2026 WL 2352042, at *1, 7. He has not received such a hearing, so his detention is unlawful. Accordingly, Petitioner's petition, [ECF No. 1], is **GRANTED**. Respondents are **ORDERED** to provide

Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order. In that bond hearing, the immigration judge must expressly state the following findings on the record:

(1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and
(2) if the government has carried its burden:
    (a) the particular evidence by which the government carried its burden;
    (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence;
    (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and
    (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.[1]

Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The clerk is directed to enter judgment in favor of Petitioner.

**SO ORDERED.**

August 27, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

[1] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021) (setting out government's burden); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026) (discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).